This action was brought to recover the penalty given by section 2634 of the Revisal for failing to adjust and pay a claim for loss of property shipped over the defendant's road.
B. F. D. Albritton testified that he is a member of the partnership of B. F. D. Albritton Co., and that J. J. Edwards and J. E. Albritton are the only other partners; that he filed with the agent of the defendant company at Ayden, N.C. on 15 September, 1906, a claim against the defendant for the sum of $25.75 for loss of and damage to goods shipped over the road of defendant; that the claim was not paid, and on 16 October, 1907, action was instituted before W. F. Stanley, justice of the peace, for the amount of the claim, the summons in said action being returnable on 23 October, 1907; that the action was not (486) tried, but the defendant, after the action was brought, offered to pay to plaintiff the amount claimed, with interest and cost of the action, which was accepted and the action dismissed by a consent judgment on 4 November, 1907, at which time the plaintiffs receipted in full for the claim. The summons and judgment in the previous action and the receipt to defendant were all in evidence.
Upon the evidence of the plaintiffs the Court intimated that they could not recover, whereupon they submitted to a nonsuit and appealed.
after stating the case: The only question presented in this case is whether the plaintiff is entitled to recover the penalty of $50, given by section 2634 of the Revisal for a failure by a common carrier to adjust and pay a claim for loss of or damage to property entrusted to it for transportation, when the carrier has voluntarily paid the claim in full, after the time limited in the statute for its payment. The section is as follows: "Every claim for loss of or damage to property while in possession of a common carrier shall be adjusted and paid within sixty days in case of shipments wholly within this State, and within ninety days in case of shipments from without the State, after the filing of such *Page 364 
claim with the agent of such carrier at the point of destination of such shipment or point of delivery to another common carrier: Provided, that no such claim shall be filed until after the arrival of the shipment, or of some part thereof, at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the (487) claim therefor until the payment thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of $50 for each and every such failure, to be recovered by any consignee aggrieved in any court of competent jurisdiction: Provided, that unless such consignee recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid. Causes of action for the recovery of the possession of the property shipped, for loss or damage thereto, and for the penalty herein provided for, may be united in the same complaint." Revisal, sec. 2634.
It will be observed that the penalty is given for a failure to adjust and pay within sixty days after the claim is filed. The defendant contends that the payment described in the section is one which is enforced by judgment and execution in an action brought to recover the amount of the claim, and that if the carrier pays voluntarily, however long the payment may have been delayed beyond the time fixed by the statute, there is no liability for the penalty. We cannot assent to this construction of the section, or it contravenes its plain meaning. The penalty is given for a failure to adjust and pay within sixty days after the claim is filed, whether the payment is voluntary or not. If it is voluntarily made, no suit is necessary to recover the amount due, but only to recover the penalty, but if it is not made voluntarily the plaintiff can sue for the amount of the claim, and afterwards in a separate action recover the penalty, or, at his election, he may join the two causes of action in one suit. It is to the action in which the two causes are joined that reference is made by the use of the words "unless such consignee recover in such action," the idea being that if the claim has not been previously adjusted and paid, whether voluntarily or involuntarily, then the plaintiff must join (488) the two causes in one action in order that he may have his right to the full amount claimed by him adjudicated before any judgment is rendered for the penalty, it being necessary to establish that he is entitled to the full amount he claims, as a condition precedent to his right to recover the penalty, if there has been a delay in adjustment and payment. The reason for this is that it must be known first that the plaintiff has not made an excessive demand of the defendant, for if he *Page 365 
has, the refusal of the latter to pay would be rightful and the penalty would not accrue. Any other construction would enable the carrier, by its own wrong in refusing to pay a just claim for loss or damage, to compel the plaintiff to sue, and then by settling to avoid the penalty, or by delaying to pay ever so long beyond the time fixed by the statute, and then finally settling, produce the same result. This would be contrary to the plain words of the section and would enable the carrier, by evasion, to defeat the clearly expressed intention of the Legislature.
We were referred by counsel for the defendant to the case of Best v.R. R., 72 S.C. 479, which seems to sustain his position, but we are unable to follow that decision. The reasoning of Justice Gary, in his dissenting opinion, commends itself most favorably to us, and we concur in what he says, as follows: "The proper construction of the act is that when a common carrier fails to adjust and pay the consignee's claim within the time specified by the act, it subjects itself to liability (1) for the amount of the loss or damage, together with interest thereon from the date of the filing of the claim therefor, until the payment thereof; (2) for a penalty of $50 for failure to adjust and pay the claim within the period prescribed by the statute, provided the consignee recovers the full amount claimed, whether in an action, when necessary, or by voluntary payment on the part of the common carrier. The mode of determiningwhether the consignee was entitled to recover the full amount ofhis claim is a mere incident and not a condition precedent to hisright to recover the penalty. The adjustment and payment of (489) the claim for loss of the property was not intended as satisfaction of the liability incurred as a penalty, nor did it have such effect by operation of the law."
There is no valid reason for holding that the adjustment and payment of the plaintiff's claim is a waiver of the penalty. If the carrier delays the adjustment and payment of the loss or damage more than sixty days after the claim for the same is filed, the penalty accrues, and the plaintiff is then entitled to recover the amount of his claim, as well as the penalty, and he may do so in one action or in separate suits, the right to the penalty depending upon his recovery of the full amount of his claim. We do not see why the plaintiff should wait until he has recovered the penalty before receiving the amount of his claim, or forfeit the penalty. There is no provision in the statute to that effect. The penalty is given for the delay in adjusting and paying, and it cannot, therefore, be that paying after the time fixed by the statute works a forfeiture of the penalty.
It was contended that the receipt of the amount of the claim is a waiver of the penalty, because the plaintiff can have but one recovery for the claim and penalty, there being but one wrong, and Eller v. R. R., *Page 366 140 N.C. 140, was cited in support of the contention, but the case is not applicable. Here there are two separable causes of action — one for the claim and the other for the penalty — while in Eller's case there was but one wrong for which the plaintiff was entitled to recover only damages, which were necessarily indivisible. We held that he must recover all his damages in one action, as there was but one cause of action for the one wrong, and for the reason that there could be only one compensation for the single wrong or breach of duty. The distinction between the two cases seems to be clear.
There was error in the ruling of the court. The nonsuit is set aside and a new trial ordered.
New trial.
Cited: Rabon v. R. R., 149 N.C. 60; Stationery Co. v. Express Co.,152 N.C. 343.
(490)