H. W. RABON v. ATLANTIC COAST LINE R. R. CO.

(Filed 5 November, 1908).

**1. Penalty Statutes—Carriers of Goods—Demand in Writing—Parol Evidence—Burden of Proof.**

In an action for penalty, under Revisal, sec. 2634, against a carrier for failure to pay or adjust a claim within a specified time after filing it with the carrier's agent, parol evidence was competent to show that plaintiff filed his claim, and was subsequently paid the amount thereof; (1) The contents of the paper were collateral to the controversy and it was not necessary to introduce it in evidence; (2) The writing was in the carrier's possession and could be used for the purposes of contradiction; (3) The burden of proof was on the carrier to show that the claim was not filed, or was excessive.

**2. Penalty Statutes—Carriers of Goods—Failure to Pay and Adjust Claim—Proviso—Recovery Full Amount Claimed—Settlement.**

The proviso that consignee must first recover the full penalty under Revisal, sec. 2634, for the failure of the carrier to pay or adjust a claim under the requirements thereof, is only to protect the carrier against excessive demands and not to discourage settlements for losses. Hence, the plaintiff's right to recover the penalty in such suits is not lost by accepting settlement for damages for full amount claimed after the penalty had accrued.

ACTION heard before *Lyon, J.,* and a jury, July Term, 1908, of COLUMBUS. Defendant appealed.

*Junius Davis* for defendant.
No counsel for plaintiff.

CLARK, C. J. The facts are thus stated in the defendant's brief: "On 12 December, 1906, Wingo, Ellett & Crump shipped from Richmond two cases of shoes, valued at $58.93, to the plaintiff at Chadbourn, N. C. The shoes were lost and never delivered to the plaintiff, and on 9 January, 1907, he filed a claim in writing with the agent of the defendant at Chadbourn for the price of the shoes. The claim was not paid or adjusted within ninety days after it was filed with defendant's agent, as provided in sec. 2634 of the Revisal of

1905. In June, 1907, plaintiff brought two suits against the defendant before a Justice of the Peace, one to recover the value of the lost shoes and the other for the penalty given by the statute above mentioned. Judgment was given by the Justice in favor of the plaintiff in both cases, and defendant appealed to the Superoir Court in both cases. Three or four months afterwards, and while these two actions were still pending in the Superior Court, the defendant paid plaintiff $58.93, amount claimed by him as the value of the shoes, and also the costs which had accrued in the suit before the Justice of the Peace, brought by the plaintiff to recover for the loss of the shoes. Upon the trial of this action judgment was given against the defendant for the penalty of $50."

The defendant excepted, (1) Because the plaintiff was allowed to testify that he filed his claim in writing with defendant's agent and was subsequently paid by the defendant the amount which he claimed. This was a fact as to which the plaintiff could testify. The contents of the paper were collateral to this controversy and it was not necessary to produce the paper. *Andrews v. Grimes,* at this term, and *Ledford v. Emerson,* 138 N. C., 503, and cases there cited. Besides, the paper was in the defendant's possession who could have produced it to contradict the plaintiff if necessary. The requirement being a "proviso" in the section, the burden was on the defendant to prove that the claim was not filed, or was excessive. *State v. Norman,* 13 N. C., 222; *State v. Downs,* 116 N. C., 1064.

The defendant further excepted, (2) on the ground that the plaintiff having accepted payment for the lost goods could not recover the penalty for delay to "adjust and pay" said loss within the time prescribed by the statute, Rev. 2634. This point has been held adversely to the defendant's contention. Walker, J., speaking for the Court, in *Albritton v. R. R.,* at this term. The proviso in section 2634, "unless such consignee recover in such action the full amount claimed, no pen-

alty shall be recovered" is to be stressed on the words "full amount claimed." The section means that if goods are lost or damaged, and a claim in writing is filed, upon failure to pay in the prescribed time, the carrier can be sued not only for the loss or damage, but for a penalty of $50 for failure to "adjust and pay" the same, with a proviso, that if the plaintiff shall sue and fails to recover judgment for the full amount of the sum specified in his written claim, he shall recover no penalty. Voluntary payment by defendant is as full guarantee against excessive demands as an involuntary judgment. The object was to prevent consignees from filing claims for excessive amounts and harassing the carrier with suits therefor, when if a claim for a just amount were filed it might have been paid. The intention is to give a penalty only when payment of a just claim is delayed. It was not intended to prevent parties accepting payment of the amount of their loss or damage, when payment has been delayed beyond the prescribed time. The object of the law is not to discourage settlement for losses, but suits for excessive demands.

In this case the plaintiff did in fact "recover judgment" for the full amount of his claim, but after the appeal was taken, the defendant thought better of it and paid the full amount of such judgment and costs. This is plenary admission, and not a denial of plaintiff's right to recover the penalty.

The defendant relied upon *Best v. R. R.,* 72 S. C., 479, but counsel had not seen *Albritton v. R. R., supra,* in which this Court declined to follow *Best v. R. R.,* and adopted the views expressed in the dissenting opinion in that case, as the better reason. *Eller v. Eller,* 140 N. C., 140, has no application, for the penalty is a separate cause of action and not a part of the damages.

No error.