JARRETT STATIONERY COMPANY (E. H. JARRETT) v. SOUTHERN EXPRESS COMPANY.

(Filed 13 April, 1910.)

1. **Penalty Statutes—Carriers of Goods—Failure to Pay Claim— Amendments—Discretion.**

    In an action against the carrier to recover the penalty prescribed by Revisal, sec. 2634, for the failure of the company to settle a claim, it is in the discretionary powers of the trial court to allow plaintiff, during the trial, to amend so as to show that the claim for damages had been agreed upon, though not settled, it being necessary for plaintiff to prove the exact amount of the damage claimed in order to recover the penalty, of which the defendant was put upon notice by the nature of the suit and by the statute.

2. **Penalty Statutes—Carriers of Goods—Failure to Pay Claim— Subsequent Voluntary Payment.**

    In an action to recover the penalty for failure of the carrier to settle a claim for damages under Revisal, sec. 2634, the mere voluntary payment of the damages after the statutory time is neither a forfeiture nor a satisfaction of the penalty.

APPEAL from *Long, J.,* at April Term, 1909, of GUILFORD.

Civil action tried, on appeal from a judgment of a justice of the peace, and instituted to recover penalty fixed by sec. 2634, Rev. 1905, for failure to settle claim in the time prescribed. The summons required the defendant "to answer to the complaint of E. H. Jarrett, plaintiff, in a civil action for the recovery of $50 and .... cents, and interest on $50 from

17 January, 1907, until paid, due by penalty for failure to settle claim in ninety days after filing same with defendant, and demanded by plaintiff." In the Superior Court and during the trial, after plaintiff had testified that the express package was tendered to him in a damaged condition, and after he had seen defendant's agent and amount of damages, to wit, $4, had been agreed on, and claim in writing filed with such agent, and that the same had not been settled, adjusted or paid, the court permitted the plaintiff to amend by suing also for the $4 damage. The defendant objected upon the ground that a new cause of action was inserted. The objection was overruled, and defendant excepted. The defendant moved in apt time to nonsuit the plaintiff under the statute. Motion overruled and defendant excepted.

The jury found, in response to the issues, that the goods transported by defendant had been damaged to the amount of $4; that plaintiff filed his claim in writing on 16 September, 1907; that defendant did not adjust and pay the claim in ninety days, and that plaintiff was entitled to recover the penalty of $50. Judgment was rendered on the verdict, and defendant appealed to this Court.

*W. P. Ragan* and *G. S. Bradshaw* for plaintiff.
*John A. Barringer* for defendant.

MANNING, J. We do not think his Honor erred in permitting the amendment complained of. The statute, sec. 2634, Rev. 1905, provides, "that unless such consignee recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid. Causes of action for the recovery of the possession of the property shipped, for loss or damage thereto, and for the penalties herein provided for, may be united in the same complaint." It will be seen, therefore, that in order for the plaintiff to recover the penalty, he must establish his damage to be in exact agreement, in amount, with the claim filed by him; otherwise, no penalty shall be recovered. Whether this damage has been adjudicated in an independent action, or united in the action to recover the penalty, the agreement in amount must be shown. As no independent action for the damage had been brought, it was incumbent upon the plaintiff to establish that his damage was the full amount of the claim filed, and it was open to the defendant, as one way to avoid the penalty, to prove that the damage was less. *Albritton v. R. R.,* 148 N. C., 485.

The summons fixed the defendant with notice of the specific penalty plaintiff sought to recover, and the statute, as construed by this Court in the case cited, fixed the defendant with notice of the proof required to sustain the cause of action so stated, which embraced the proof of the claim for damages as a condition precedent to the right to recover the penalty. The amount of damage can as well be determined by agreement as by suit.

The voluntary payment of the amount claimed as damage, when made after the statutory time, is neither a forfeiture nor a satisfaction of the penalty. This Court, in the case cited, quotes with approval the following language, *inter alia,* of *Justice Gary,* in his dissenting opinion in *Best v. Railway,* 72 S. C., 488 : "The mode of determining whether the consignee was entitled to recover the full amount of his claim is a mere incident and not a condition precedent to his right to recover the penalty." If a judgment had been recovered in a prior independent action, for the full amount of the claim for damages, then in the suit for the penalty, such action would operate as an estoppel upon the defendant to contest this fact in its liability for the penalty. The allowance of the amendment did not reduce the burden resting upon the plaintiff, nor take away from the defendant any defenses which could be set up in a new action commenced when the amendment was asked for. It did not substantially change the claim or defense. Section 1467, Rev.; *Simpson v. Lumber Co.,* 133 N. C., 95; *Stone v. R. R.,* 144 N. C., 220; *Kron v. Smith,* 96 N. C., 389. In the case last cited, *Chief Justice Smith* says: "It does not appear that any defenses are taken away which could be set up in a new action commenced when the amendment was asked for, and it would be a reproach to the administration of the law to deny to the court the authority to allow it."

We do not think his Honor exceeded his power in allowing the amendment. Having the power to act upon the question of amendment, it was addressed to his discretion as to how he should act, and upon what terms he would permit it, and his action is not subject to review by us. In our opinion, the motion to nonsuit was properly overruled. Having examined the record and the authorities cited, we discover no error at the trial, and the judgment is affirmed.

No error.