## W. H. WATKINS v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 2 December, 1925.)

**1. Carriers—Express Companies—Claims—Statutes—Penalties.**

C. S., 3524, permitting a recovery of a common carrier for failure to settle a claim for damages to an intrastate shipment in ninety days after a written demand has been made on it, etc., is a penal statute, and in order to recover, the plaintiff must bring his case strictly within its terms.

**2. Same—Prima Facie Case—Unreasonable Delay—Burden of Proof.**

The burden is on plaintiff to show that the common carrier has failed to settle his claim in ninety days, etc., after written demand under the provisions of C. S., 3524, applying to intrastate shipments, and the prima facie case made out by showing the unreasonable delay in the delivery of the shipment, is not sufficient.

**3. Same—Evidence.**

In an action to recover against a common carrier the penalty allowed by C. S., 3524, it was agreed that the trial judge find the facts as to whether there was a claim in writing presented to it as required by the statute, and the issue was found against the plaintiff: *Held,* the presumption is that the finding was upon sufficient evidence, nothing else appearing of record on appeal, and the appellant having failed to make out his case, the judgment of the lower court will be affirmed.

**4. Same—Demand.**

In order to recover the penalty for failure to settle a claim for damages within ninety days, etc., the burden is on plaintiff to show that the amount of his recovery should be at least equal to the amount of his written demand.

APPEAL by plaintiff from *Shaw, J.,* at April Term, 1925, of MONT-GOMERY.

Civil action tried upon the following issues:

"1. Is the defendant indebted to the plaintiff for loss of china closet tank, as alleged? Answer: Yes, $23.12 with interest from 11th of August, 1923.

"2. Is the plaintiff entitled to recover penalty of $50 for failure to pay claim for loss within ninety days as provided by law and as alleged? Answer: No."

From a judgment on the verdict awarding the plaintiff the amount of his claim for damages with interest and costs, but denying any penalty, plaintiff appeals.

*Bob V. Howell for plaintiff.*

*Armstrong & Armstrong and Alston, Alston, Foster & Moise for defendant.*

STACY, C. J. The only question presented by this appeal is whether the plaintiff is entitled to recover the penalty of $50 given by C. S., 3524, for a failure by a common carrier, including an express company, to adjust and pay a claim for loss of or damages to property while in its possession for transportation, within ninety days after the proper filing of such claim, when the shipment, as here, is wholly within the State.

It is conceded (1) that the tank in question was delivered to the defendant in Greensboro, N. C., for shipment to the plaintiff at Troy, N. C., on 4 December, 1922; (2) that suit for damage in transit to said shipment, and to recover the penalty allowed by statute, was instituted by the plaintiff before a justice of the peace in Montgomery County on 6 August, 1923, and (3) that plaintiff is entitled to recover the full amount of his claim for damages as filed with the defendant.

The only dispute between the parties arises over the question as to whether the plaintiff waited ninety days after filing his claim with the defendant before bringing suit to enforce its collection. If he did, it is conceded by the defendant that he is entitled to recover the penalty; otherwise it is conceded by the plaintiff that he is not entitled to recover the penalty. It was agreed that his Honor should hear the evidence, and answer the second issue according to the fact, as he should find it,

relative to this one disputed question. The record is silent as to when plaintiff filed claim with the defendant, and the second issue is answered in the negative.

It is clear that the plaintiff must fail in his action to recover the penalty, first, because the issue is found against him, and, second, because he has failed to make out his case.

The failure to adjust and pay a claim for loss of, or damages to, an intrastate shipment within ninety days "after the filing of such claim" with the defendant is the substantive part of the plaintiff's cause of action to recover the penalty; and even upon a prima facie showing by the plaintiff, entitling him to go to the jury, the penalty may yet be avoided, as set out in the second proviso to the statute, unless the plaintiff "recover in such action the full amount claimed." *Sumrell v. R. R.,* 152 N. C., 269. It was said, by way of *dictum,* in *Rabon v. R. R.,* 149 N. C., 59, that where the defendant seeks to avoid the penalty on the ground that the recovery is less than the full amount claimed, "the burden was on the defendant to prove that the claim was not filed, or was excessive." This was said with respect to a claim alleged to be excessive, and it was thought that as the claim filed was necessarily in the defendant's possession and as this requirement was contained in a "proviso" to the statute, the burden should be on the defendant to show that the amount claimed exceeded the amount recovered, if such were the case, and thus bringing itself within the proviso. But it was not intended by this decision to hold that the plaintiff was not required to show a failure on the part of the defendant to adjust or pay such claim within the time prescribed by the statute. Such is the gist of an action to recover the penalty under the statute, and upon denial of liability by the defendant, the plaintiff has the burden of making out his case. *Albritton v. R. R.,* 148 N. C., 485; *Culbreth v. R. R.,* 169 N. C., p. 726; *Speas v. Bank,* 188 N. C., 524.

The principle is well established that penal statutes are strictly construed (*Sears v. Whitaker,* 136 N. C., p. 39), and one who seeks to recover a penalty for failure on the part of the defendant to discharge some duty imposed by law, must bring his case clearly within the language and meaning of the statute awarding the penalty. *Cox v. R. R.,* 148 N. C., 459; *Alexander v. R. R.,* 144 N. C., 93. And in the face of a denial of liability the burden of the issue in such case is always on the plaintiff. *Jenkins v. R. R.,* 146 N. C., 178; *Thompson v. Express Co.,* 147 N. C., 343; 30 Cyc., 1357.

No error of law or legal inference having been made to appear on the record, the verdict and judgment must be upheld.

No error.