## Isdaner, Appellant, *v.* Philadelphia and Reading Railway Company.

*Carriers—Common carriers—Railroads—Loss of merchandise—Contents of package—Presumption—Evidence—Death of witness.*

1. Where a person delivers a package of merchandise to a carter employed by himself to be transported and delivered to a railroad company for shipment, and the package is lost, the owner in a suit against the company is bound to show that the package was delivered to the railroad company in the same condition in which it was when received by the carter; and the fact that at the time of the trial the carter was dead and no other witness could be produced as to the condition of the package, does not relieve the plaintiff from the burden which rested upon him.

2. In such a case a receipt for the goods "in apparent good order, except as noted, contents and conditions of contents of packages unknown," is an admission as to conditions visible and open to inspection, but does not bind the carrier to liability for the contents in the absence of evidence that the package is not what it appears or is represented to be.

Argued Dec. 10, 1912. Appeal, No. 269, Oct. T., 1912, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1907, No. 5,224, for defendant n. o. v. in case of Max Isdaner et al., copartners, trading as Isdaner, Cohen and Schmidt, v. Philadelphia and Reading Railway Company. Before RICE, P. J., HENDERSON,

MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.
Affirmed.

Trespass for loss of merchandise.  Before DAVIS, J.

At the trial it appeared that on November 28, 1906, the shipping clerk of Samuel Eiseman & Company, of New York, packed ten pieces of silk in a case and gave it to James Fitzpatrick, their regular drayman, to ship by the Central Railroad of New Jersey and the Philadelphia & Reading Railway to the plaintiffs in Philadelphia.  Shortly after the truckman received the case, the railway issued to him its usual bill of lading, acknowledging the receipt of a case of dry goods in apparent good order, contents and condition of contents unknown.  The truckman died before the trial.  When the case was delivered by the defendant to the plaintiffs in Philadelphia it was found to contain only four pieces of silk, two Belgian blocks or cobblestones having been substituted for six of the pieces of silk.  The missing silk was worth $290.24.

The trial judge refused defendant's point for binding instructions and left it to the jury to determine whether the substitution took place while the case was in defendant's possession.  The jury found a verdict for plaintiffs for $290.24, and the court entered judgment for the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*John Lewis Evans*, with him *D. Clarence Gibboney* and *Thomas J. Norris*, for appellants.

*Wm. J. Graham*, with him *George Gowen Parry*, for appellee.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff's action being for the value of goods lost in transit it became necessary to show that the missing

merchandise was in the package containing it at the time it left the custody of Eiseman & Company, by whom it was shipped. The evidence offered on behalf of the plaintiffs was sufficient to show that the missing merchandise was packed with the balance of the shipment in a box secured by iron bands at the ends, and that it was delivered in this condition to a carter employed by the shipper whose duty it was to carry the package to the dock of the Central Railroad of New Jersey, in New York, where it was accepted, but there is an entire lack of evidence that the box as delivered to the carter was delivered intact to the railroad company. The receipt for the same "in apparent good order except as noted, contents and condition of contents of packages unknown" is an admission as to conditions visible and open to inspection, but does not bind the carrier to liability for the contents in the absence of evidence that the package is not what it appears or is represented to be. The admission applies to external conditions but not to that which is not open to inspection. The responsibility of the carrier in a case like this is only to deliver the goods as he receives them. The merchandise was not committed to the carter as the initial carrier in a course of transportation to be completed through the agency of other carriers. He was employed to remove the goods from the store to the freight house of the railroad company which was to take them from New York. He merely obeyed the instructions of his employer in taking the box to the place where it was to be received by the carrier to whom the shipper committed it for transportation to its destination. His connection with the business was a distinct transaction not intended by the shipper or by him to be an acceptance of the goods on an undertaking that they were to be carried to Philadelphia. He was not the agent of the railroad company but was acting on an order from Eiseman & Company and he was the agent of that company for the purposes of this transportation. This is clearly shown by the bill of lading which was prepared by a clerk of the shipper and pre-

sented to the railroad company to be signed and returned. It shows that Eiseman & Company dealt directly with the railroad and billed the merchandise through it to the consignees. No presumption arises under the circumstances of the case that the package was delivered at the wharf in the same condition in which it was when received by the drayman, and the burden of proof was on the plaintiffs to show that the lost silk was actually delivered to the railroad company. If the death of the drayman prevented the plaintiffs from accounting for the box in its transfer from the store to the wharf it is a hardship but a condition not unusual in the experience of litigants. The death of a material witness does not relieve the suitor from supplying by competent evidence the testimony necessary to make out a case. Our attention has not been directed to any authority which convinces us that there is a presumption that the box containing the silk had not been tampered with between the time it was packed and the time when the railroad company accepted it, and without such presumption the case is destitute of the evidence which would support a verdict for the plaintiffs.

The judgment is affirmed.