# Isdaner, Appellant, *v.* Central Railroad Co. of New Jersey.

*Carriers—Common carriers—Shipping receipt—Weight.*

In an action by a shipper against a railway company to recover the value of three pieces of silk alleged to have been lost in transit, the plaintiffs cannot recover on evidence tending to show that twelve pieces of silk weighing 344 pounds packed in a box were delivered to their drayman; that the drayman delivered the box on the same day at defendant's wharf; that a shipping receipt made out by the plaintiff's clerk for 344 pounds was signed by defendant's clerk before the box was weighed; that subsequently an agent of defendant weighed the box finding that it weighed 280 pounds; that the receipt contained the statement "weight subject to correction"; that the box when delivered showed no indication that it had been opened; that it contained only nine pieces of silk when delivered and weighed but 280 pounds; and that the drayman was not called as a witness, his absence being accounted for by the plaintiffs, by stating that he had left their employment and could not be found.

Argued Oct. 13, 1916. Appeal, No. 112, Oct. T., 1916, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1913, No. 3010, for defendant n. o. v. in case of Max Isdaner and Oscar B. Schmidt, copartners trading as Isdaner & Schmidt, v. Central Railroad Co. of New Jersey. Before ORLADY, P. J., PORTER, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Trespass to recover the value of three pieces of silk alleged to have been lost in transit. Before BREGY, P. J.

The opinion of the Superior Court states the facts.

The jury returned a verdict for plaintiffs for $168.75. Subsequently judgment was entered for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Alfred T. Steinmetz,* with him *George Wentworth Carr,* for appellant.—The issuance of a bill of lading by a carrier, admitting the receipt of a case of a certain weight (weight subject to correction); no correction being made, is prima facie evidence of the receipt by the carrier of a case of that weight, and the burden of disproving the fact that the carrier has received a case of that weight is upon the carrier: Brown v. Missouri, Etc., R. R. Co., 83 Kansas 574; Relyea v. New Haven Rolling Mill Co., 42 Conn. 579; Yazoo & Miss. Val. R. R. Co. v. Bent, 94 Miss. 681; The Andover, 3 Blatchf. C. C. A. 303; The Colombo, 3 Blatchf. C. C. A. 521.

*Arthur G. Dickson,* for appellee.

OPINION BY WILLIAMS, J., December 18, 1916:

Plaintiffs sue to recover the value of three pieces of silk said to have been lost in transit by the defendant under the following circumstances. Twelve pieces were packed in a box for shipment by plaintiff's consignor in the City of New York and delivered to their drayman between 11 and 12 o'clock in the morning of May 16, 1913. The box was delivered at defendant's wharf between 1 and 2 o'clock in the afternoon of the same day. When delivered to the drayman it contained twelve pieces of silk and weighed about 344 pounds. When weighed by defendant's agent shortly after it was received its weight was found to be 280 pounds and a notation of this was made by the weigher. The shipping receipt, made out by the consignor's shipping clerk for 344 pounds, was signed by the defendant's clerk before the box was weighed. The receipt contained the statement "Weight, subject to correction." The box, when finally delivered to the plaintiffs in Philadelphia contained only nine pieces of silk and weighed but a scant 280 pounds. There was nothing about the box to indicate that it had been opened. The drayman was not called as a witness, his absence being accounted for by the plaintiffs by stating

that he had left the employ of the consignor and could not be found.

The court below entered judgment n. o. v. for the defendant and the only question raised is whether the plaintiffs made out a case for the jury. In a similar case, Isdaner v. Philadelphia & Reading Ry. Co., 54 Pa. Superior Ct. 509, HENDERSON, J., says (512) : "No presumption arises under the circumstances of the case that the package was delivered at the wharf in the same condition in which it was when received by the drayman, and the burden of proof was on the plaintiffs to show that the lost silk was actually delivered to the railroad company."

The general law on the subject is in accord with the case just cited: Almon v. Chicago & N. W. Ry. Co., 144 N. W. 997; Thyll v. R. R., 92 App. Div. (N. Y.) 513; Hirsch v. Hudson River Line, 26 Misc. (N. Y.) 823; St. Louis, Etc., Ry. v. Dreifus, 42 Okla. 401; Adams Express Co. v. Tucker, 161 Ky. 741. In Fitzgerald v. Adams Express Co., 24 Ind. 447, it was held that where a receipt was given for a sealed package reciting that it was "said to contain" a certain sum of money, that the receipt was not even prima facie evidence of a delivery of that amount. Likewise it is always competent to show that as between the parties, the quantities of goods actually delivered were less than those named in the receipt: Higley v. Burlington, Etc., Ry. Co., 99 Iowa 503; Dean v. King, 22 Ohio 118.

The cases cited by the appellants are those in which goods were being carried in bulk, such as coal or building material, or cases in which the rights of third persons had intervened to change the status of the parties.

The appellants contend that this case differs from Isdaner v. P. & R. Ry. Co., supra, as defendant had receipted for 344 pounds, and as some time had elapsed between the receipt and the weighing of the box, it might have been opened and the silk abstracted therefrom while it was in the possession of the defendant. It is enough to say that proof of the possibility of the goods

having been removed in that interval is not sufficient to satisfy the burden of proof laid on the plaintiffs. They must introduce evidence to show that this did happen, and not that it might have happened. The absence of the teamster's testimony is as fatal to this case as it was in Isdaner v. P. & R. Ry. Co., supra.

The judgment is affirmed.