SAMUEL ORUNSTEN, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, July 2, 1917.

Appeal from nonsuit — common carrier — duty of carrier of perishable goods — burden of proof — when carrier not required to show freedom from negligence — failure of plaintiff to show good condition of perishable goods delivered to carrier — bill of lading showing receipt of goods in " apparent good order " — evidence — time required for transportation.

While a plaintiff appealing from a judgment of nonsuit is entitled to the most favorable inferences fairly to be deduced from the evidence, yet it is necessary that there be some evidence to support the allegations of his complaint which are controverted by the defendant.

Where perishable goods are put into the custody of a common carrier in good condition for delivery at a point where, in the ordinary course of business, they could be delivered in good condition, a failure to make such delivery imposes the duty upon the carrier to show affirmatively that it was free from negligence in the transportation, but this obligation does not arise until the plaintiff has shown the necessary conditions. He must show that the goods were perishable, that the transportation could be made in a satisfactory manner and that they were in good condition at the time of shipment.

Where the shipper himself loaded the goods and the common carrier merely issued the uniform bill of lading reciting that the goods were received in " apparent good order," without making any special examination, said formal declaration of the bill of lading does not call upon the carrier to show the contrary, nor to assume the burden of showing its freedom from negligence.

Where the actual condition of the goods was presumptively known to the shipper and was hence available to the plaintiff, he must show that a condition existed which fairly gives rise to the inference of the defendant's neglect before he can call upon the defendant to show freedom from negligence.

Evidence in an action to recover for the alleged negligence of the defendant in failing to deliver a carload of bananas in proper condition examined, and *held*, that the plaintiff had entirely failed to allege or prove facts sufficient to call for an explanation by the defendant.

The plaintiff failed to establish the time required to make such shipment from the city of New York to the city of Troy by proving the ordinary time taken for shipments of bananas from Weehawken over the West Shore tracks to Troy.

COCHRANE, J., dissented.

APPEAL by the plaintiff, Samuel Orunsten, from a judgment of the County Court of Albany county, entered in the office of the clerk of said county on the 21st day of February, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also an appeal is taken from the order of nonsuit.

*Andrew J. Nellis,* for the appellant.

*Visscher, Whalen & Austin* [*Sherman A. Murphy* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff, on this appeal from a judgment of nonsuit, is entitled, of course, to the most favorable inferences fairly to be deduced from the evidence, but it is necessary that there should be some evidence fairly intended to support the allegations of the complaint controverted by the defendant. The complaint alleges, aside from the corporate character of the defendant, that "In or about September, 1915, it agreed for a valuable consideration to transport for the plaintiff from New York City to Troy over its said railroad a car load of bananas which it knew to be perishable fruit purchased by plaintiff to be sold as food by him in Troy, N. Y., and to deliver the same to plaintiff at its Troy freight station in good and merchantable condition. Nevertheless, it so negligently, carelessly and dilatorily cared for and transported the said merchandise that whereas when defendant received the same for transportation the same was worth a large sum of money, to wit, five hundred dollars, the said merchandise when offered for delivery at the said Troy freight station was utterly worthless and in a decayed condition, to plaintiff's damage five hundred dollars." The answer denied all of the allegations of the complaint aside from its corporate capacity.

The defendant delivered its uniform bill of lading, bearing date of September 14, 1915, in which it acknowledged receipt of the goods described therein as "one car load of bananas," in "apparent good order, except as noted (contents and conditions of contents of packages unknown)," and there were no notations of any exceptions. This is the only possible evidence as to the condition of the bananas at the time the bill of lading

was issued; the uniform bill of lading that the goods were received in "apparent good order." It is conceded that the goods were loaded by the shipper, from whom the plaintiff purchased the same, and there is no evidence that the car was not a proper car, or that it was not in proper condition, or that it did not conform to the instructions indorsed upon the bill of lading, or that the ice which was to be placed in each end of the car at Weehawken was not so placed. While it is undoubtedly the law that where perishable goods are put into the custody of a common carrier in good condition for delivery at a point where, in the ordinary course of business, the same could be delivered in good condition, a failure to make such delivery imposes the duty upon the common carrier to show affirmatively that it was free from negligence in the transportation, this obligation does not arise until the plaintiff has shown the necessary conditions. He must show that the goods were perishable; that the transportation could be made in a satisfactory manner, and that they were in good condition at the time of shipment. Where the shipper loads the goods and the common carrier merely issues the uniform bill of lading, without making any special examination, the mere formal declaration of the bill of lading that the goods were received in apparent good order does not call upon the defendant to establish the contrary, nor to assume the burden of showing its freedom from negligence. The evidence of the actual condition of the goods was presumptively known to the shipper, and it must have been available to the plaintiff, and, before he can call upon the defendant to show freedom from negligence, he must show that the conditions existed which fairly gave rise to an inference of such neglect. In the instant case, however, the pleadings do not even allege that the goods were in good condition. The allegation is that the defendant received the goods "which it knew to be perishable fruit," and agreed to transport the same to Troy "and to deliver the same to plaintiff at its Troy freight station in good and merchantable condition," but that the defendant "so negligently, carelessly and dilatorily cared for and transported the said merchandise that whereas when defendant received the same for transportation the same was worth a large sum of money, to wit, five hundred dollars,

the said merchandise when offered for delivery at the said Troy freight station was utterly worthless," etc. There is here no allegation that the bananas were in good shipping condition when received. The defendant denied that it agreed to deliver the goods in " good and merchantable condition," and denied the alleged value of the goods, and the plaintiff conceded upon the trial that the entire value of the bananas, assuming them to have been in good condition, was $258.40, and the plaintiff entirely failed to meet the conditions of alleging and proving the facts which would call upon the defendant to explain.

The plaintiff attempted to prove the time it required for shipments from New York to Troy, but entirely failed. The question asked was not the ordinary time of shipments from New York to Troy, but what was the ordinary time that is taken " for shipment of bananas from Weehawken over the West Shore tracks to Troy," and the answer was " Ordinarily, should be in on the coming noon time, not later, which would make it not more than fifteen hours, or sixteen at the most, or we can stretch it to a day." The shipment was made some time on the fourteenth day of September, from the city of New York, the hour not being given, and it appears to have arrived in Troy on the sixteenth, though at what hour does not appear, and there is very little foundation for any suggestion of negligent delay, even if we assume the running time would be sixteen hours from New York. But there is no evidence of the time necessary to make the shipment from New York by way of the West Shore railroad, and the court very properly granted a nonsuit.

The order and judgment appealed from should be affirmed, with costs.

All concurred, KELLOGG, P. J., in result, except COCHRANE, J., who dissented.

Judgment and order affirmed, with costs.