ANTONIO ANNUNZIATO, Plaintiff, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, November 16, 1931.

*Finkler & Finkler* [*Michael Bernstein* of counsel], for the plaintiff.

*Madison G. Gonterman* [*David R. Crow* of counsel], for the defendant.

CRAGEN, Official Referee. The duty of a common carrier of car-load shipments in interstate commerce is simply that of transportation. The shipper is obliged to see that the shipment is properly loaded and braced so that it may be transported in a satisfactory manner. (*Lewis* v. *New York, O. & W. Ry. Co.*, 210 N. Y. 429.)

It follows that, as the duty of the carrier is " merely one of transportation," it is incumbent upon the plaintiff to show that the car was properly packed and braced so that the transportation could be made in a satisfactory manner, and that the goods or merchandise was " in good condition at the time of shipment." (*Orunsten* v. *New York Cent. R. Co.*, 179 App. Div. 465, at p. 467.)

The evidence in this case falls far short of this proof. On the contrary, the more apparent disinterested evidence is to the effect that the lugs were in a damaged condition prior to the purchase at the sale by plaintiff, and, in the absence of proof of further damage while in defendant's custody, there can be no recovery by plaintiff. Otherwise speaking, the court cannot draw the inference or deduction that the grapes were further damaged while in defendant's possession. It might be reasonably urged that such is undoubtedly the fact, but, assuming this to be so, the damage, if any, is incapable of a mathematical calculation.

Judgment for the defendant on the merits.