Beresin *v.* Pennsylvania Railroad Company, Appellant.

Argued December 17, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles Myers,* and with him *Philip Price,* of *Barnes, Biddle & Myers,* for appellant.

*William Lewis Matz,* with him *David B Zoob* of *Zoob & Matz,* for appellee.

OPINION BY JAMES, J., February 1, 1935:

Defendant has appealed from a judgment entered upon a verdict rendered in a suit for damages to certain machinery shipped from Chicago to Philadelphia over defendant's lines and complains of the refusal of its motion for judgment n. o. v.

On February 13, 1928, plaintiff shipped from Philadelphia to himself in care of the Western Warehousing Company in Chicago, certain second-hand machinery upon a bill of lading which indicated that it was a carload of second-hand machinery loaded by the shipper. The machinery was delivered and remained in the warehouse of the Western Warehousing Company until the early part of March, 1929, when it was examined by plaintiff's agent and found to be in the original crates in which it was shipped from Philadelphia to Chicago. Upon the agent's return to Philadelphia, he wrote to the warehousing company directing them to ship the machinery to Philadelphia. The bill of lading for the receipt of the machinery at Chicago, dated March 15, 1929, showed that the shipment consisted of "two crates of machinery, weight 2,200 pounds, 123 pieces of braiding machinery, office furniture and fixtures, weight 24,300 pounds" and in its printed portion contained the following language: "The property described below in apparent good order except as noted, (contents and condition of contents of packages unknown)." Plaintiff's testimony further established that the machinery and equipment could be inspected without removing the crates as there was a space of twelve to fifteen inches between the bars of the crates. On opening the car upon its

arrival at Philadelphia, the crates were found to be upset and broken and complaint was immediately made by the plaintiff as to the condition of the shipment. Defendant's testimony was to the effect that the car was loaded by the Western Warehousing Company; was sealed with seals furnished to it with their initials stamped by the railroad company; that the bill of lading was stamped by the defendant company after the car was loaded and sealed and the car was delivered to the railroad company as a carload shipment. No testimony was offered by plaintiff as to the loading of the goods or their condition at the time it was loaded.

The appellant has confined its argument to the one question; that plaintiff's evidence was insufficient to sustain a verdict in his favor. When the plaintiff rested his case, the record showed that defendant had receipted for the various articles set forth in the bill of lading and that the goods were in apparent good order; that a short time prior to the receipt by the railroad company, the goods were properly crated in good condition on the floor of the warehouse and that in said condition the goods were easily inspected; that the goods were shipped in the same crates but upon arrival at Philadelphia, the crates were broken and the machinery damaged. Assuming the truth of this testimony, it showed not that defendant had received a carload lot of goods, but that they had received specific articles in a certain car in apparent good condition and that said goods were crated in such a manner that their condition could easily be determined. The bill of lading amounts to more than a mere admission that the car was in good condition but goes further and states that the specified articles in the car were in apparent good order or condition; it went further than a statement of external condition and contained a spe-

cific statement that the specified articles as mentioned in the body of the bill of lading were in good order.

The recital in the bill of lading constituted an admission that the goods were in apparent good order and coupled with proof that the goods were damaged when they reached their destination, made out a prima facie case for the plaintiff. The receipt by a carrier that goods were received in "apparent good order except as noted (contents and condition of contents of packages unknown)" is an admission as to conditions visible and open to inspection: Isdaner v. Philadelphia & R. R. Co., 54 Pa. Superior Ct. 509.

A bill of lading signed by a carrier acknowledging the receipt of merchandise in good order or in apparently good order is prima facie evidence that as to external appearance or insofar as its condition could be ascertained by mere inspection, the goods were in good order and the burden of going forward with the evidence and rebutting the presumption raised by such an admission falls on the carrier: Goldberg v. N. Y., N. H. & H. R. R. Co., 130 Me. Rep. 96, 153 A. 812, and many other cases therein cited.

In passing upon appellant's motion for judgment n. o. v., we must assume the truth of plaintiff's testimony and every reasonable inference that may be deducible therefrom. We cannot take into consideration the defendant's testimony, which if believed, tended to establish that the shipment was a carload shipment in which no opportunity for inspection was had by the railroad company. However, that was a question for the jury, who found for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.