**1116**

BLUEBIRD FOOD PRODUCTS CO.

v.

The **BALTIMORE AND OHIO RAIL-ROAD COMPANY.**

Civ. A. Nos. 70–1699, 70–1744, 70–1880 and 70–2661.

United States District Court, E. D. Pennsylvania.

Aug. 3, 1971.

Walter Rabin, Philadelphia, Pa., for plaintiff.

Alan Casnoff, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Tried to the Court, without a jury, were Civil Action Nos. 70–1699, 70–1744, 70–1880 and 70–2661. All four cases are analogous as the litigation centers around claims for damages predicated upon the shipment of fresh hams by a packing company, located in the Midwest, via the defendant's railroad to the Philadelphia plant of plaintiff. It is undisputed that the hams arrived in a damaged condition. The issue is simply whether the carrier or the shipper was responsible for the spoilage.

In Missouri Pacific Railroad Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964) a well reasoned compendium of the legal principles applicable to the kind of problems we have here, the Court said:

"* * * The Carmack Amendment of 1906, § 20(11) of the Interstate Commerce Act, makes carriers liable 'for the full actual loss, damage or injury * * * caused by' them to property they transport, and declares unlawful and void any contract, regulation, tariff, or other attempted means of limiting this liability. It is settled that this statute has two undisputed effects crucial to the issue in this case: First, the statute codifies the rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods'. (cites omitted)

* * * Accordingly, under federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability". (cites omitted) id at 137, 138, 84 S.Ct. at 1144.

The initial evocative question, therefore, is whether the plaintiff has established a prima facie case of delivery of the hams in good condition. To meet this burden the plaintiff relied upon the introduction into evidence of the bill of lading covering each shipment. It was stipulated at trial that under the applicable tariff regulations, all of the bills of lading were to be considered as bearing the inscription "received, * * * the property described below, in apparent good order, except as noted (contents and conditions of contents of packages unknown)".

The case of Tuschman v. Pennsylvania Railroad Company, 230 F.2d 787 (3d Cir. 1956) is by far the strongest case in the plaintiff's arsenal. In *Tuschman,* court proceedings were launched against a railroad for damages to a crane during interstate shipment. There was an acknowledgment in the bill of lading, that crane to be shipped was in "apparent good order except as noted". In the course of its opinion the Court observed:

"The acknowledgment by the bill of lading of the crane's apparent good order was prima facie evidence that, as to all parts which were open to inspection and visible, the crane was in good order at the point of origin. This did not preclude the railroad from showing that the alleged damage in whole or part proceeded from some cause or causes which existed, but were not apparent when it received the crane". 230 F.2d 791.

Beresin v. Pennsylvania Railroad Company, 116 Pa.Super. 291, 176 A. 774 (1934) is an instructive case standing for the general proposition that a bill of lading, signed by a carrier, acknowledging the receipt of merchandise in apparent good order, is prima facie evidence that as to external appearance or insofar as its condition could be ascertained by mere inspection, the goods were in good order.

The New Jersey Superior Court in the case of Lincoln Farm Products Corp. v. Central Railroad Company of New Jersey, 81 N.J.Super. 161, 195 A.2d 200 (1963) decided that where goods and a tank car are furnished by the shipper and are sealed, so that neither the car's interior nor its contents are observable, the issuance of a bill of lading does not constitute prima facie proof that the car and its contents were in good order upon delivery to the issuing carrier. In Uneeda Home Appliances, Inc. v. Long Island Railroad Company, 49 Misc.2d 953, 268 N.Y.S.2d 731 (1966), in no uncertain terms, the Court tersely wrote:

"Plaintiff may not recover for damages to its goods in the absence of a showing that they were delivered to defendant-carrier in a good condition. (Orunsten v. New York Central Railroad Co., 179 App.Div. 465, 165 N.Y.S. 996). This burden is not met by a recital in the bill of lading that the goods were received in apparent good order." (cites omitted)

The defendant's brief makes reference to a number of cases which involve the "Carriage of Goods by Sea Act". 46 U. S.C. § 1301 et seq. However, we doubt that these cases have the far reaching impact which defendant would have us believe and conclude that the principles enunciated therein are not applicable to carriers by land.

Critical to our decision are these facts. The rail carrier furnishes a piggyback trailer to the shipper, who cools and loads the shipment in a trailer which he is required to pre-cool. The shipper then seals the trailer. The trail-

er is then delivered to the piggyback train for cross country transit. Upon arrival in Philadelphia, the carrier removes the trailer from the train and notifies the plaintiff that the trailer is ready for pick up; the plaintiff is then obligated to remove the sealed trailer from the rail yard and return it after it had been emptied. The trial testimony established that the hams were not packed in sealed cartons or boxes [1] but were packed loose, loaded on racks on top of each other, about five or six layers high, approximating two feet in height.[2]

Since these facts are not in dispute there is presented solely an issue of law as to whether the plaintiff has provided sufficient proof to establish that the hams were in good condition at the time they were turned over to the carrier. Missouri Pacific Railroad Co. v. Elmore & Stahl, supra.

We are impelled to conclude that a distinction must be drawn between those cases in which the merchandise being shipped were open to inspection and visible. Tuschman v. Pennsylvania Railroad Co., supra, and a situation wherein a loaded and sealed trailer is delivered to a carrier. Lincoln Farm Products Corp. v. Central Railroad Company of New Jersey, supra.

 It seems to us that when the contents of a shipment are open and visible to inspection, the "apparent good order" notation establishes a prima facie case. We are not persuaded that this rule is applicable to the circumstances that prevail here. Where merchandise is sealed in a trailer, and the contents are not open and visible, the plaintiff must establish by direct evidence that the goods were delivered to the carrier in good order.

This disposition obviates the necessity for any discussion of the other points raised.

This memorandum is adopted as findings of fact and conclusions of law un-

der Rule 52(a) Federal Rules of Civil Procedure 28 U.S.C.

### ORDER

In C.A. Nos. 70–1669, 70–1744, 70–1880 and 70–2661, it is ordered that judgment be entered in favor of defendant, The Baltimore and Ohio Railroad Company.

It is so ordered.