G. W. SUMRELL and H. H. McCOY v. A. C. L. RAILROAD.

(Filed 31 March, 1910.)

1. Carriers of Goods—Bill of Lading—Presumption—Good Order.

A bill of lading given by the carrier for a shipment of goods raises a presumption that they were delivered for shipment in good order.

2. Penalty Statutes—Carriers of Goods—Refusal to Accept—Amount of Claim—Recovery.

In an action for the statutory penalty for failure of a carrier to pay damages within the time specified on a shipment of goods caused by its negligence, Revisal, sec. 2634, it is for the jury to say whether the amount recoverable is that for which the claim has been filed, when there is conflicting evidence.

Appeal by defendant from *O. H. Allen, J.,* at November Term, 1909, of Lenoir.

The facts are sufficiently stated in the opinion of the Court.

*E. R. Wooten* for plaintiff.
*Rouse & Land* for defendant.

Clark, C. J. This was an action begun before a justice of the peace to recover 98 cents for damages to goods shipped to plaintiffs over the defendant's road, together with the penalty of $50 given by Rev., 2634, for failure to adjust and pay the claim for such damages within sixty days after it was filed.

It was in evidence that plaintiff's claim for 98 cents damages was filed with the defendant 22 April, 1908, and was allowed and paid by it, but to another party, 8 May following. This party subsequently refunded the 98 cents to the defendant. The plaintiff not being paid, brought this action 15 April, 1909. The jury found the damages to be 98 cents, and the filing of the claim for that amount at the date stated and nonpayment to the plaintiff not being controverted, the court entered judgment for $50.98 as provided by Rev., 2634.

The court properly refused defendants' prayer for a nonsuit, and also to charge that there was no evidence that the goods were delivered in good order to the defendant. The bill of lading raised the presumption. *Mitchell v. R. R.,* 124 N. C., 239; *Mfg. Co. v. R. R.,* 128 N. C., 284. The bill of lading was filed by the plaintiff with its claim, and, being in the defendant's possession, it devolved upon it to introduce it in evidence, if desired. The plaintiff testified "98 cents was the damage to the olives, the whole case of olives." There was no direct evidence to contradict this. The defendant relied upon the fact

that the itemized bill from the vendors filed with the plaintiff's claim for damages (which claim was for 98 cents) set out that the cost price of one dozen bottles olives in Norfolk was $2.15, with 10 per cent off, and plaintiff only claimed that six bottles were lost. The defendant therefore asked the court to charge, "If the jury believe the evidence, the value of the goods lost or damaged was 97 cents."

It does not appear who paid the freight, nor whether the bottles were all of the same size, nor whether the value at destination was the same as in Norfolk. The only direct testimony was that of the plaintiff, who testified that "98 cents was the damage to the olives, the whole case," and he relies, as corroboration, on the fact that he filed his claim for 98 cents, and that the defendant did not contest that being the correct amount, but paid the 98 cents to another party. Whether the damage was 98 cents or 97 cents was therefore for the jury, and his Honor correctly "left it to the jury to say, from all the evidence, what was the amount of the damages." The jury, after argument from both sides, and upon the evidence, found that it was 98 cents. This finding, being for the "full amount of the claim," entitles the plaintiff to recover the penalty, and we cannot say there was no evidence to support the finding.

This seems to be a hard case, but the plaintiff's counsel reminds us that the statute was passed on account of the large number of small claims of this kind which, while aggregating large sums, were each too small to be sued on, and hence usually went unpaid. We do not know the facts surrounding this case. Upon the issues found, the judgment was correct.

No error.