## THE SOLVEIG.

### (District Court, N. D. California, First Division. May 8, 1914.)

### No. 15206.

**1. ADMIRALTY (§ 70\*)—PROCEDURE—PLEADING—SPECIAL DEFENSE.**

In an admiralty court, as in a court of equity or law, a respondent may not prove a special defense not pleaded, as exceptions in bills of lading in a suit against a carrier for damage to cargo, over the objection of libelant, but, if not objected to, such proof will not be disregarded but the answer may be amended to conform thereto; and if libelant proves such fact in making his own case, he has the burden of showing that respondent is chargeable with negligence, which renders him liable notwithstanding the same.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 544–556; Dec. Dig. § 70.\*]

**2. SHIPPING (§ 141\*)—DAMAGE TO CARGO—LIABILITY OF VESSEL.**

Cases of wine containing labeled bottles wrapped in straw coverings were shipped under a bill of lading reciting that they were shipped in apparent good order and condition, and providing that the ship should not be liable "for any loss occasioned by breakage, pilferage, wastage, decay, or change of character, however caused," or for "leakage, injury to, or soiling of wrappers or packages, however caused." On delivery the goods were damaged by the rotting of the straw, the staining of the labels and cases, the breaking of bottles, and the substitution of wooden blocks for bottles apparently abstracted. There was no proof of negligence on the part of the carrier. *Held*, that all of such damages were within the exceptions in the bill of lading, except the soiling of the labels, and that, as that was sufficiently accounted for by the staining of the cases, the shipper was not required to prove their good condition when shipped, and was entitled to recover therefor.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 493, 497–499; Dec. Dig. § 141.\*]

**3. SHIPPING (§ 106\*)—DAMAGE TO CARGO—RECITALS IN BILLS OF LADING—"APPARENT GOOD ORDER AND WELL CONDITIONED."**

Recitals in bills of lading that the goods were "shipped in apparent good order and well conditioned" apply only to such conditions as are visible or fairly ascertainable, and as to those which are not the shipper has the burden of proof, unless the external covering of the goods is so

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

damaged when they are delivered at the end of the voyage as to account for the injury complained of.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 225, 226, 414-419; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, First and Second Series, Apparent Good Order.]

In Admiralty. Suit by A. Cora, Incorporated, against the Norwegian steamer Solveig; the American Trading Company, claimant. Decree for libelant for part of damages.

T. A. Thacher and Denman & Arnold, all of San Francisco, Cal., for libelant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for respondent and claimant.

DOOLING, District Judge. Counsel having become involved in a long discussion of the rules of pleading and practice, a moment's attention will be given to such rules, in so far as applicable to the present case.

[1] In the admiralty court, as in a court of equity or of law, a defendant, relying upon a special defense, must plead the same before he will be permitted, over objection, to make any proofs in support of it. This is as true of exceptions in a bill of lading as of any other special defense. A carrier, sued for damage to goods intrusted to him for transportation, and who relies upon the fact that he is exempted by the provisions of the bill of lading from liability for such damage, must set up in his answer such of the provisions as he relies upon, together with an averment that the damage complained of was the result of some specified cause or causes falling within the exemptions contained therein. If he fail to do this, he will not be permitted upon the trial to introduce any evidence in support of such defense, if such evidence be objected to. If, upon such objection, he ask to amend his answer, so as to permit the introduction of such evidence, his application is addressed to the discretion of the court, and if such amendment be permitted the libelant will be allowed such time as may be reasonable in order to meet by his proofs the new issue. If, however, the libelant himself in proving his case shall also prove the existence of such exemptions and that the damage complained of falls within them, the burden is then upon him, before he can recover, to establish the fact that, notwithstanding such exemptions, the carrier by reason of his negligence is responsible for the injury. Failing to do so, his libel will be dismissed. For no court will render judgment in favor of a plaintiff whose proof shows that he is not entitled thereto. Similarly, if the libelee, without objection, introduces evidence showing such exemption, though not pleaded, such evidence will not be disregarded by the court; but the answer may be amended to conform to such proof, or even in the absence of such amendment the libel may be dismissed. In other words, the defendant may not prove a special defense, not pleaded, over the objection of the plaintiff; but, if he do prove it without objection, the plaintiff may not afterwards complain.

[2] In the present case libelant introduced in evidence·the bill of lading, which provided, among other things:

"The ship to be in no way liable for any loss occasioned by breakage, pilferage, wastage, decay, or change of character, however caused, or for damage by steam, rain, or spray."

Also:

"The ship not to be responsible for leakage, injury to or soiling of wrappers or packages, however caused."

The shipment consisted of 619 cases of wines, each case containing labeled bottles incased in wrappers of straw. The damage proved by libelant consisted of the rotting of the straw, the staining of the labels, the staining of the cases, the breaking of bottles, and the substitution of wooden blocks for bottles apparently abstracted. The breaking of the bottles, the staining of the cases, and the substitution of the blocks fall clearly within the exceptions of "breakage, pilferage, and injury to or soiling of packages." The rotting of the straw wrappers, it is urged, does not fall within any of these exceptions; but I am of the opinion that it does fall either within the exception "injury to or soiling of wrappers" or "loss occasioned by decay."

The libelant, having proved that these injuries are within the exceptions, cannot recover therefor in the absence of proof of negligence on the part of the libelee. The staining of the labels does not seem to fall within any of the exceptions. For the damage thus caused the ship must be held liable, if it appear that the labels were in good condition when received. No proof was offered on this point, other than the recital in the bill of lading, "shipped in apparent good order and well conditioned." But the bill of lading also contained the recital, "Weights, contents, gauge, and value unknown."

[3] Under these provisions the words "in apparent good order and well conditioned" ordinarily apply to the external conditions alone, and not to conditions which are neither visible nor fairly ascertainable. When a question arises at the end of a voyage as to the condition of the contents of casks, bales, or cases when received by the ship under such provisions, the rule is that the burden is upon the shipper 'to show, by evidence other than these recitals of the bill of lading, that such contents were in good condition when so received. To this rule there appears to be attached this qualification: If the external covering of the goods is so damaged when they are delivered as to account for the injury to the contents, then such evidence may be dispensed with. That is the situation here. Evidently the cases were not stained when received by the ship, or they would not have been receipted for as "in apparent good order and well conditioned." But when delivered they were so damaged by stains, rust, etc., as to account for the condition of the labels. This being true, the evidence on the part of the shipper as to the actual good condition of the labels when shipped may be dispensed with.

The ship will be held liable for the damage caused libelant by the injury to the labels, and the case referred to the commissioner to ascertain and report the amount of the same.