GEORGE SPROTTE, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The plaintiff employed a shipping company in Los Angeles to ship a carload of furniture from that point to Dover, New Jersey. When the goods arrived in New York they were forwarded by the shipping company to Dover over the defendant's line, and some of the goods were damaged when they arrived.

"The defendant issued a way bill in which it was stated that the property was in apparent good order except as noted. (Contents and condition of packages unknown.) The list contained specific items, some of which were boxes. There was a stipulation that if defendant was found liable the damages were to be assessed at $169.05, and this sum the District Court found. Under the record all we have to deal with is the liability of the defendant between New York and Dover. The defendant claims that the court should have granted its motion for a nonsuit, or directed a verdict for the defendant because there was no proof that the goods were damaged while in defendant's possession, beyond that the way bill certified that they were received in apparent good order in New York, and the fact that they were received in a damaged condition at Dover.

"Such a recital in a bill of lading is *prima facie* evidence of the fact that the goods were in apparently good condition when received, and while the common carrier may show the contrary the burden is on it. No attempt was made in this case to show that the goods were not in good condition when delivered to the defendant, and where a carrier receives freight in good condition, and it is found in its possession damaged

at point of destination, negligence will be presumed, unless removed by explanation.

"The next point is, that it was error to admit the contract with the Los Angeles Moving Company, the initial shipping company. This did not injure the defendant if error was harmless.

"The next objection is refusal to allow defendant's train conductor to testify that nothing unusual happened to the car between New York and Dover. This was immaterial, for if he so testified, which is the best defendant could expect, it would prove nothing, for the goods were in a closed car and it was not pretended that anything happened to the car.

"As we find no error in this record the judgment will be affirmed, with costs."

For the appellant, *Frederic B. Scott.*

For the respondent, *King & Vogt.*

PER CURIAM.

The facts are stated in the memorandum of the Supreme Court. We agree that the bill of lading was sufficient *prima facie* proof that the goods mentioned therein were in apparent good order, so far as their good order could be apparent. This applies to the greater part of the goods and of the damages claimed. Most of the goods were of such a character that it could be ascertained by mere inspection whether they were in sound condition, and most of the damages were due to breakage. To such goods where the claim is for obvious injury the clause "contents and condition of packages unknown" is not applicable. Where the claim for scratches and similar injuries to furniture and the condition at the time the bill of lading was issued was concealed by burlap or other covering, there could not be good order apparent in that respect and proof other than the mere acknowledgment in the bill of lading would be necessary. This difficulty is particularly applicable in this case to the piano, which was boxed. We should have difficulty with the case if the distinction had

been made at the trial and the question properly raised. This was not done. The plaintiff relied on the bill of lading, as if its terms were applicable alike to all the articles named. The defendant relied on the clause as to contents and condition of contents of packages, as if all the articles had been so packed as to conceal their real nature. The amount of damages was stipulated. The error was the usual one of attempting to apply general expressions without discrimination to particular cases. We have nothing to add to what the Supreme Court said as to the rulings on questions of evidence. We find no error of law pointed out in the record and the judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.