ADAMS EXPRESS COMPANY, AN UNINCORPORATED
JOINT STOCK ASSOCIATION,

*vs.*

## C. RIDGELY WHITE.

*Express companies: failure to deliver goods; party to sue; presumption in favor of consignee; commission agent's right; goods returned by purchaser.*

In actions against common carriers for loss or conversion of goods entrusted to them for delivery, the rule is that the action should be brought by the owner, or one having a beneficial interest in the property.                                    p. 628

The consignee is presumed to have the ownership necessary to enable him to sue, but this presumption is not conclusive.

p. 628

An agent, on a commission basis, has no right to sue in his own name against an express company for failure to deliver a machine which had been shipped over its lines by a purchaser who was returning it because unsatisfactory.       p. 628

Where goods are receipted for by a common carrier for delivery, and no objection is made as to the condition of the same, a presumption arises that the goods were in good condition.                                                   p. 628

Where an agent, on a commission basis, sues a common carrier in his own name for goods which were being returned as being unsatisfactory, and which goods were not delivered by the express company, the defendant has the right to have the amount of the agent's commission deducted from the value of the goods.                                         p. 630

*Decided May 8th, 1918.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William S. Thomas,* for the appellant.

*W. Lentz,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee was, at the time of arising of the cause of action herein sued upon, the Baltimore agent of the Marchant Calculating Machine Company of California. He shipped from Baltimore to the Blackwood Coal and Coke Co. at Blackwood, Virginia, one of the machines on trial, and understood that the company also sent one to the same party from California. The machines proving unsatisfactory, the Blackwood Co. delivered to the appellant, according to the receipt given to the consignor, the Blackwood Co., "two boxes calculating machines," with a value warranted by the shipper to be five hundred dollars, and "consigned to C. R. White, representative Marchant Calculating Machine Co., Baltimore, Md."

The box containing the machine originally shipped from Baltimore was duly received by White, but the second box was never received. It was because of failure to deliver that machine, that this suit was instituted by White in his individual character, and resulted in a judgment of two hundred and fifty dollars, the selling price of a machine of this kind when new.

The case was tried before the Court without the aid of a jury; and five exceptions were taken to the rulings of the Court, four to questions of evidence, and one to the refusal

to grant the two prayers offered by the defendants. The plaintiff offered no prayer.

The only witness examined by either party was the plaintiff.

The first prayer of defendant sought to direct a verdict for it upon the theory that under the evidence, White, as consignee, was not a proper party plaintiff. There seems some confusion among the authorities in actions against carriers for loss or conversion of goods entrusted to them for delivery, but it seems to be fairly established that the rule is, that the action should be brought by the owner or one having a beneficial interest in the property. *Hutchinson on Carriers,* secs. 1304-1320 (3rd Ed.); *Elliott on Railroads* (2d Ed.), sec. 1692; *Thompson on Negligence,* Vol. 6, secs. 7420-7424; 6 *Cyc.* 510. The consignee is presumed to possess the necessary ownership to sue, but this presumption is not conclusive, and may be rebutted. 10 Corpus Juris. 351; *Ray, Carrier of Freight,* 1006; *Griffith* v. *Ingledew,* 6 S. & R. (Pa. St.) 429; *Smith* v. *Lewis,* 3 B. Mon. (Ky.) 229; *Arbuckle* v. *Thompson,* 37 Pa. St. 170; *Pennsylvania Co.* v. *Poor,* 103 Ind. 553; *Lawrence* v. *Minturn,* 17 Howard (U. S.) 100.

Mr. White produced and offered in evidence the appellant's receipt, which, as above noted, showed that the property was shipped, not to C. R. White individually, but to him as the representative of the Marchant Calculating Machine Co. He also testified that he was the agent of the machine company and that they owned the machine sued for, and it was being returned after it had failed to satisfy the prospective purchaser.

Whether the appellee was selling on a commission basis, or employed on a salary, could not give him any right which he was entitled to protect by bringing suit in his own name, for no commission had been earned. We are of the opinion that the undisputed evidence shows that the appellee had no beneficial interest in the property, and that, therefore, he had no right to maintain this suit and that there was error in refusing the defendant's first prayer.

The second prayer of the defendant asked that a verdict be returned for it, because there was no evidence to show the condition of the machine when it was delivered to the defendant. The refusal of this prayer was correct. There is a well established rule that in cases of this character, a presumption arises from the fact of the receipt of the goods by the carrier without objection or exception noted in the shipping receipt, that as far as the condition was apparent on ordinary inspection, the goods were in good condition. See No. 10 *Corpus Juris.* 371, and long list of cases under Note 56. The bill of lading, or shipping receipt, contained no statement as to the condition of the machines when receipted for. Neither did the evidence in the record rebut in any way the presumption.

The first exception occurred during the taking of the testimony of the plaintiff, and referred to how the witness knew that the machine company had two machines at Blackwood. In answer to a question, he replied that he knew it from the fact that the machine company had written to that effect. The appellant objected to this as being hearsay testimony. This exception is immaterial, since the shipping receipt recited that two boxes of these machines were delivered to the carrier, and the proof shows that but one was received. *N. Y. & Balto. Trans. Co.* v. *Baer,* 118 Md. 73.

The second, third and fourth exceptions present the same legal question, and bears upon the proper measure of damages. The plaintiff testified that the selling price of the machine was two hundred and fifty dollars. The defendant attempted to show that out of the selling price, if the plaintiff had sold them, he would have received a commission. The Court, upon objection, refused to allow these three questions to be answered. The questions were asked upon the theory that since the shipment was from an "on trial" purchaser to an agent without a prospect of sale, that there could be no recovery for unearned commissions. In other words, the contention was, that, under the circumstances of this shipment, the carrier was entitled to have the amount of the commis-

sions the plaintiff would have received, if he had sold the goods, deducted from the amount of the selling price at the point of destination.    We are of the opinion that this contention is correct both upon reason and principle. The appellee relies upon the case of *Kyle* v. *Laurens R. R. Co.,* 10 S. Car. 382, in opposition to this contention.    This was a case concerning a consignment of cotton to a factor for sale, and lost in transit, and the Court there held that the measure of damages was the market value of the cotton at the place of destination, without deducting the factor's commissions. We think the present case is clearly distinguishable from that case.    The goods in that case consisted of staple goods for which there was a ready and prompt market, and upon the receipt of them, the factor could have readily earned the commission which had been agreed upon between him and the owner; while in the present case, there was no ready market, such as there is for staple articles like cotton, grain and the like, and, in fact were not consigned to him for sale at all, but were merely returned to him as not satisfactory under the agreement of sale with the consignor    There was no immediate prospect of sale, and, therefore, no commission expected, if, indeed, he was selling upon a commission basis. We think that the appellant was entitled to show, if possible, that the appellee was selling upon a commission basis and if so, to have an instruction eliminating the amount of the commission from the selling price.

We will, therefore, reverse the judgment, and remand the case in order that the pleadings may be amended or to permit a new suit to be brought in the name of the proper parties.

*Judgment reversed and new trial awarded, with costs to the appellant.*