W. T. HUSSEY ET AL., TRADING AS ENTERPRISE CARRIAGE COMPANY, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 22 February, 1922.)

**1. Appeal and Error—Courts—Verdict Set Aside on One Issue.**

When it appears from the evidence, the charge of the court, and the verdict that the jury has committed a palpable error in the answer to one of the issues, it is the duty of the trial judge to set it aside to prevent a miscarriage of justice.

**2. Same—Railroads—Damages—Penalties—Statutes—New Trials.**

In an action against a railroad company to recover damages to a shipment of goods and the penalty for the failure of defendant to pay the same within 90 days, as allowed by C. S., 3524, the issues raised are entirely separate and distinct from each other, and the trial judge may set aside the verdict on the second issue, and retain that on the first one, for a retrial.

**3. Same—Evidence—Instructions—Questions of Law.**

In the plaintiff's action to recover damages against a railroad company to a shipment of goods and a penalty for the failure of the defendant to pay the claim for 90 days, C. S., 3524, and the evidence tends only to sustain the plaintiff's demand, on both issues, the judge may retain the verdict on the issue of damages answered in plaintiff's favor, set aside the verdict on the second issue denying recovery of the penalty, and on the retrial of the second issue direct a verdict thereupon, on the same evidence, in plaintiff's favor. *Semble*, the court could have so answered this issue as a matter of law on the first trial.

**4. Appeal and Error—Fragmentary Appeals—Separate Issues—Judgment —Verdict.**

Where the trial judge has set aside the verdict on one of the issues submitted, and after the retrial on the second issue appeal has been taken from a judgment on the whole case, it does not come within the objection under the decision of *Cement Co. v. Phillips*, 182 N. C., 440.

APPEAL from *Allen, J.,* at November Term, 1921, of EDGECOMBE.

*Don Gilliam for plaintiffs.*
*Bridgers & Bourne for defendant.*

CLARK, C. J. This was an action, begun before a justice of the peace, to recover damages to shipment of freight, amounting to $66.20, with interest from 20 May, 1920, and for the penalty of $50 for delay of more than 90 days after filing claim to pay the same, imposed by law. C. S., 3524. Judgment was rendered for said amounts. On appeal, the evidence was that two barrels of oil, costing $64.94, plus freight ($1.36), was shipped 23 April, 1920, from Rocky Mount to Tarboro; that when it arrived there was a loss as above stated, and the plaintiff filed a claim in writing for $66.20, on 20 May, 1920; that payment not having been made, this action was begun 23 June, 1921. The plaintiff introduced two witnesses to the above effect. The defendant offered no evidence, and upon the charge of the court, to which there was no exception, the jury returned a verdict on the first issue: "$66.20, amount of claim."

As to the second issue, the court instructed the jury that if they found the amount of damages to be less than the amount claimed to answer—"Nothing," but if they found the amount to be that of the claim

to answer "$50," the penalty allowed by law. It was not denied that the claim had remained unpaid more than a year after it was filed with the defendant.

The jury having answered the second issue as to the penalty "No penalty," the court set aside the verdict and directed the case to be tried by a jury as to that issue. The court instructed the jury that if they believed the evidence, which was the same as above set out, to answer the issue as to the penalty $50, and the jury responded accordingly.

The defendant excepted to setting aside the verdict on the second issue, and that the court erred in instructing the jury on the second trial of that issue that if they believed the evidence to answer the issue, "The penalty $50."

There was no error in either particular. The jury having committed a palpable error in response to the second issue, it was the duty of the judge to set aside the verdict on that issue to prevent a miscarriage of justice. In *Benton v. Collins,* 125 N. C., 90, the Court said: "On the question as to the power of the Superior Court to grant new trials on one or more of several issues, and to let the others stand, and the practice of this Court to order new trials on particular or restricted issues, the authorities are numerous, and cover a long series of years. The following are some of them": (Here followed a long list of authorities), adding: "Before such partial new trial, however, is granted, it should clearly appear that the matter involved is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complication with other matters." .

In this case the penalty was an entirely separate and distinct matter, and the jury having found the amount of the damages to be as claimed, the penalty followed as a matter of law. C. S., 3524, and upon the finding of the first issue the judge might have added the penalty of the judgment as a matter of law. It was unnecessary to submit the issue again to a jury, but the defendants cannot complain of this, and the jury, upon the same evidence, answered the issue $50.

In *Sumrell v. R. R.,* 152 N. C., 269, the Court held that in an action of this kind, when the finding of the jury is "for the full amount of the damages, the plaintiff is entitled to recover the penalty." The right to the penalty attached automatically upon this finding on the first issue, and judgment could have been rendered by the court for the penalty as a matter of law, without submitting the issue to the jury.

The case does not come up on the two separate appeals, which we condemned in *Cement Co. v. Phillips,* 182 N. C., 440, citing *Joyner v. Reflector Co.,* 176 N. C., 277, and other cases, but the court properly rendered a judgment upon the whole case, and we find

No error.