ALOYSIUS McMAHON ET AL., RECEIVERS OF DAVID GRIMES, INCORPORATED, PLAINTIFFS-APPELLEES, v. AMERICAN RAILWAY EXPRESS COMPANY, DEFENDANT-APPELLANT.

Submitted January 27, 1928—Decided May 3, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *William B. Harley.*

·For the appellees, no appearance.

PER CURIAM.

This was an action to recover damages to radio sets claimed to have been damaged by the express company. There seem to have been eighteen shipments, the total damage claimed being $182.25. Testimony was produced as to three shipments only, and the trial judge sitting without a jury found for the appellees in the full amount of their claim.

Of the three cases in which proofs were presented the first was a shipment to the Michigan Music Shop, Detroit, in which the damage claimed was $8, and this was not contested by the appellant; the second was a shipment to B. and M. Electric Company, Chicago, where the proof was that the express company found and reported the shipment improperly packed, and that the damage was caused by a fall of the box, and the third was a shipment to the Bell Knap Hard-

ware Company, Louisville, Kentucky, where there was simply proof of damage and nothing more.

We are asked to set aside this judgment upon the ground that the trial court erred in refusing motions to nonsuit and direct a verdict, because there was no proof that the goods were in good condition at the time of their delivery to the express company.

There is no question but that there must be proof of good condition at the time of delivery to carrier or a receipt from carrier acknowledging receipt of goods in good condition. *Gude* v. *Pennsylvania Railroad Co.*, 77 *N. J. L.* 391.

Such proof was not produced as to the second and third shipments as to which evidence was taken before the trial court, but it does seem to appear that the appellant admitted or conceded its liability as to the first shipment.

But for this the appellant would have been entitled to a nonsuit or direction of verdict in its favor. The difficulty is, however, that both of these motions were directed to the entire claim of the appellees without eliminating the first item or shipment. Under such circumstances it was not error for the trial court to refuse these motions, and, as the judgment is not attacked for any other reason or alleged error, it must be affirmed.