HARRY GOLDBERG ET AL

*vs.*

NEW YORK, NEW HAVEN & HARTFORD R. R. Co.

Androscoggin.      Opinion March 3, 1931.

*Benjamin Berman,*
*David Berman,*
*Jacob Berman,*
*Edward Berman,* for plaintiffs.
*Dana S. Williams,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.  On motion. Action brought to recover damages for injury to merchandise shipped over defendant's line. Verdict for plaintiffs.

Plaintiffs purchased thirty bales of linen rags and forty-eight bales of thread in Italy and caused them to be shipped to Boston where they were landed on defendant's dock and a few days later loaded in two freight cars, consigned to plaintiffs at Gardiner, Maine. On their arrival, it was discovered that the bales containing rags were so damaged by water as to be worthless. Plaintiffs

called this fact to the attention of the freight agent who noted on the bills of lading of both cars, "Wet. Bad order." The entire shipment was then taken to plaintiffs' storehouse, where the damaged bales, thirty in number, were separated from the others, and a claim filed with the carrier for the amount of the loss.

One car contained thirty bales of rags and three bales of thread; the other, forty-five bales of thread. None of the thread was damaged, although plaintiffs testified that the three bales which were in the car containing the rags were damp.

The condition of the damaged bales was described by several witnesses, among whom were two employees of the Maine Central Railroad. They all agreed that a considerable number of the bales were fairly described by the words noted on the bills of lading, and that that condition was apparent from observation without removing the burlap covering. One bale was broken open. The others were intact. The contents of the broken bale were wet.

Water was plainly noticeable on that portion of the floor of the car on which the wet bales stood. There was testimony that the rags were so wet that it required four men to handle each bale in loading, while a bale of dry rags of the same size could be handled by two men.

There was a conflict of testimony as to whether or not the damaged merchandise was all in one car. Plaintiffs contended that the bales in the car in which thread only had been loaded were absolutely dry. Defendant claimed that wet and dry bales were scattered through both cars. In support of plaintiffs' theory, it appears that none of the thread was unsalable and that the rags were absolutely worthless. It was in evidence that two witnesses made careful examination of the roof and sides of each car and found them tight and dry.

Regardless of differences as to matters of detail, the evidence is overwhelming that the shipment of rags was rendered valueless by having been, at some time, in some way, damaged by water.

It was incumbent on plaintiffs to prove more than this, however. They must also prove that the goods, when delivered to the carrier, were in at least better condition than was found to be the case on their arrival in Gardiner. *Smith* v. *N. Y. Central R. R. Co.,* 43

Barb. (N. Y.), 225; *Perkett* v. *R. R. Co.* (Mich.), 157 N. W., 388; *Shore* v. *N. Y., N. H. & H. R. R. Co.* (Conn.), 121 Atl., 344.

When it appears that a shipment was in good order at the time of its delivery to a carrier for transportation and was delivered to the consignee in a damaged condition, it will be presumed that the damage was caused by the delivering carrier. This rule applies equally to a case of transportation by initial and connecting carriers and to the case of transportation by a single carrier who is the initial, transporting and delivering carrier. The primal element in the presumption is the delivery for shipment of a commodity then in good condition. In the absence of evidence of this primal element, the presumption can not attach. *Willett* v. *R. Co.* (S. C.), 45 S. E., 93; *Copeland Co.* v. *Davis* (S. C.), 119 S. E., 19; *Gramling Electric Refrigeration, Inc.* v. *Southern Ry. Co.* (S. C.), 152 S. E., 670; *Ohio Galvanizing & Manufacturing Co.* v. *Southern Pacific R. R.*, 39 Fed., 2nd Ser., 840.

In support of the proposition that the damaged property was delivered to defendant in good condition, plaintiffs offered the bills of lading covering the shipment. They were in the regular form prescribed by the Interstate Commerce Commission, containing the statement that the merchandise was received "in apparent good order." On one of them appeared the notation, "One bale loose in bulk put in car."

The recitals in the bills of lading constituted an admission on the part of the carrier that, so far as external appearance was concerned, the shipment was in good condition when received by it. This, coupled with proof of the condition in which the goods were received in Gardiner, a condition readily observable from the most casual inspection, made out a *prima facie* case for the plaintiffs.

To recover for damages to shipment during transportation by carrier, shipper must prove good condition of goods at time of delivery to carrier or a receipt from carrier acknowledging receipt of goods in good condition. *McMahon et al* v. *American Railway Express Co.* (N. J.), 141 Atl., 566. But such a receipt is not conclusive and no presumption is raised as to the condition of merchandise which is not open to inspection. *Gramling Electric Re-*

*frigeration, Inc.* v. *So. R. R. Co.*, supra; *Meyers* v. *The Cunard Steamship Co.*, 244 N. Y. Supp., 114.

A bill of lading signed by a carrier acknowledging the receipt of merchandise in good order or in apparently good order is *prima facie* evidence that as to external appearance and in so far as its condition could be ascertained by mere inspection, the goods were in good order and the burden of going forward with the evidence and rebutting the presumption raised by such an admission falls on the carrier. *O'Brien* v. *Gilchrist*, 34 Me., 554; *Tarbox* v. *Eastern Steamboat Co.*, 50 Me., 339; *The T. A. Goddard*, 12 Fed., 174; *Barrett* v. *Rogers*, 7 Mass., 297; *Hastings* v. *Pepper*, 11 Pick., 43; *Shepherd et al* v. *Naylor et al*, 5 Gray, 591; *Ill. Central R. R. Co.* v. *Cowles*, 32 Ill., 121; *Sprotte* v. *Del. L. & W. R. R. Co.* (N. J.), 101 Atl., 518; *Saliba* v. *N. Y. Central R. R. Co.*, 101 Vt., 435; *So. Railway Co. et al* v. *N. W. Fruit Exchange* (Ala.), 98 So., 382; *The Dondo*, 287 Fed., 239.

The authorities are not in conflict when the distinction is noted between those in which the damaged condition of the goods is apparent from external appearance and those in which it is concealed. A carrier is not only not obligated to open cases and wrappings for the purpose of examining the interior contents but he is not permitted to do so.

In the instant case, the condition of the bales when the cars reached Gardiner was plainly apparent and if they had been in like condition when defendant accepted them for carriage, the fact should have been noted in the bill of lading. That it was not so noted raises the presumption that the condition complained of did not exist at that time. This, defendant sought to rebut and offered considerable evidence in support of its position.

An issue of fact was thus raised, with the burden of proof resting upon the plaintiffs to satisfy the jury, on consideration of the entire evidence, that the damage to the goods occurred after they were received by defendant.

On this issue, plaintiffs prevailed. The direct evidence on the point was meagre and conflicting. But we can not say that the verdict lacks sufficient support to be taken as the unbiased decision of intelligent triers of fact. As such it must stand.

*Motion overruled.*