## MINNEAPOLIS FIRE & MARINE INSURANCE COMPANY v. BALTIMORE & OHIO RAILROAD COMPANY AND ANOTHER. RAILWAY EXPRESS AGENCY, INC., APPELLANT.[1]

May 29, 1952.

No. 35,708.

[1]Reported in 53 N. W. (2d) 828.

*R. H. Fryberger* and *G. W. Townsend,* for appellant.

*Robins, Davis & Lyons* and *Arnold I. Feinberg,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by plaintiff, Minneapolis Fire & Marine Insurance Company, a corporation, as assignee of Supak & Sons Manufacturing Company against the Baltimore & Ohio Railroad Company, a corporation, and Railway Express Agency, Inc., a corporation, to recover the sum of $132.96, which plaintiff, as insurer, was required to pay to its insured, Supak & Sons, as the reasonable value of merchandise belonging to said insured and lost in shipment by defendant carriers. Supak & Sons assigned to plaintiff its claim against defendant carriers, and it forms the basis of the present action.

The complaint alleged that the merchandise was lost as a result of the careless and negligent acts of defendants in transporting it as common carriers. Before trial, plaintiff dismissed as to defendant Baltimore & Ohio Railroad Company, so the action and present proceedings now involve only defendant Railway Express Agency, Inc., hereinafter referred to as defendant.

At the close of the testimony, the trial court made findings and ordered judgment in favor of plaintiff in the sum of $132.96, with costs, in substance determining that merchandise of that value was lost in shipment as the result of defendant's negligence. This is an appeal from an order denying defendant's alternative motion for amended findings or a new trial.

The facts are as follows: On March 25, 1947, Supak & Sons shipped a carton of snowsuits to its customer at Bethesda, Maryland, via Great Northern Railway and Baltimore & Ohio Railroad. The shipment was refused by the consignee, no reason being given for such refusal. It remained in the freight house of the Baltimore & Ohio Railroad Company at Baltimore until October 1, 1947. Shortly prior thereto, Supak & Sons ordered it returned to Minneapolis via defendant, and it was received for shipment by the latter on October 1, 1947, at Baltimore.

Upon its receipt, defendant issued a uniform express receipt, describing it therein as "one carton" of the declared value of $300. No notation was made thereon as to any visible damage or defects in the carton. It arrived in Minneapolis on October 7, 1947. On inspection there, the carton was found to have one end opened and to be otherwise in a damaged condition, with eight of the snowsuits missing.

Plaintiff's evidence consisted of the original bill of lading covering the shipment from Minneapolis; testimony by the shipper that the carton as shipped contained 24 snowsuits; testimony that defendant had been directed by the shipper to pick up the merchandise in the freight house at Baltimore and transport it to Minneapolis on September 19, 1947; the uniform express receipt above described issued by defendant; defendant's inspection report at Minneapolis showing that upon its arrival there one end of the carton was torn open and the other crushed and dirty; and testimony that eight snowsuits of the reasonable value of $132.96 had been removed therefrom. The inspection report contained the following question and answer:

"Was damage of such nature that it could have been noticed at time of delivery? Yes"

Defendant's acting general agent at Minneapolis testified further that it was the custom of defendant to designate on its uniform express receipt any obvious damage or defects on merchandise in cartons or packages delivered to it for shipment, and that it would

not accept a shipment if its container were opened or its contents exposed.

At the close of plaintiff's evidence, defendant moved for dismissal upon the ground that plaintiff had failed to establish a prima facie case in the absence of any proof that the carton was in good condition when delivered to defendant. This motion was denied, and no further evidence was offered by either party. The same issue is presented on this appeal.

■ Plaintiff, to sustain its action, must establish that (1) the goods were delivered to the carrier in good condition; (2) they were not in like condition upon delivery by the carrier to the consignee; and (3) as a result, damages in an established amount were sustained. Proof of these facts would create a presumption of negligence on the part of the carrier and establish plaintiff's prima facie case. Whitaker v. C. St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061; Fockens v. United States Exp. Co. 99 Minn. 404, 109 N. W. 834; 13 C. J. S., Carriers, § 254a.

■ The question here is whether the evidence establishes the first of the above factors, that is, that the merchandise was in good condition when delivered to defendant, since there is no presumption to this effect. Silver Fleet Motor Exp. v. Prebul (Tenn.) 7 Fed. Carrier Cases 2264; Smith v. New York Cent. R. Co. 43 Barb. 225, affirmed, 41 N. Y. 620. It should be noted that the damages to the shipment complained of consisted of the tearing open of the carton in which the merchandise was contained, with resulting loss or theft of a portion thereof. It would follow that the actual condition of the carton in which the goods were contained at the time of its delivery to the carrier constitutes the determinative issue.

To establish that there were no visible defects in or damage to the carton at that time, plaintiff submitted defendant's uniform express receipt issued for the shipment at the time of its delivery to defendant. No notation of any such defects or damages was indicated thereon, and this fact, plaintiff contends, is sufficient to sustain a finding that the carton was not in a defective or damaged condition at the time of its delivery to defendant.

Numerous decisions lend support to plaintiff's contentions on this issue. It has generally been held that the issuance of a carrier's bill of lading or shipping receipt without a notation thereon of visible damages or defects in the shipment creates the presumption that, as far as ordinary inspection discloses, the shipment is free from visible defects or damages and, to such extent, in good condition when received. Schraeder v. Robinson, 78 Cal. App. (2d) 328, 177 P. (2d) 788; Swiney v. American Exp. Co. 144 Iowa 342, 115 N. W. 212, 122 N. W. 957; L. Frank & Co. Inc. v. Illinois Cent. R. Co. (La. App.) 43 So. (2d) 88; Goldberg v. New York, N. H. & H. R. Co. 130 Me. 96, 153 A. 812; Adams Exp. Co. v. White, 132 Md. 626, 104 A. 110; Sprotte v. D. L. & W. R. Co. 90 N. J. L. 720, 101 A. 518; Sumrell v. A. C. L. Railroad, 152 N. C. 269, 67 S. E. 585; Brown v. Southeastern Exp. Co. 192 N. C. 25, 133 S. E. 414; Schwalb v. Erie R. Co. 161 Misc. 743, 293 N. Y. S. 842; Beresin v. Pennsylvania R. Co. 116 Pa. Super. 291, 176 A. 774; Louisiana So. Ry. Co. v. Anderson, Clayton & Co. (5 Cir.) 191 F. (2d) 784; Silver Fleet Motor Exp. v. Prebul (Tenn.) 7 Fed. Carrier Cases 2264; 13 C. J. S., Carriers, § 254d.

This rule is expressed in Silver Fleet Motor Exp. v. Prebul, *supra,* as follows:

"The ultimate question, then, is, Does the failure of the freight bill to note any evidence of damage to the crate or contents constitute a prima facie showing that the shipment was in good condition when it was transferred to defendant at Chicago? * * * It would seem to us most natural that the freight bill would have taken cognizance of any apparent damage to the shipment.

"* * * The burden is, therefore, upon the defendant to show that the crate was in bad condition at that time since it had the right, if not the actual duty, to refuse to accept the shipment unless properly crated and packed."

Sound reasoning supports the above principles. Damages to or defects in a shipment obvious at the point of destination would be equally apparent at the point of shipment if then existent. The

issuance of a receipt for such a shipment at the latter point without any notation of visible defects thereon would indicate the absence of such defects at that time. It would follow that if the shipment were visibly damaged upon arrival at the point of destination such damage must have been sustained in transit. Schwalb v. Erie R. Co. 161 Misc. 743, 293 N. Y. S. 842. This conclusion is strengthened by the fact that a carrier has the right to refuse to accept merchandise not properly packaged or crated (9 Am. Jur., Carriers, § 299) and, under normal circumstances, would either refuse such a shipment or note on the receipt therefor any damages or defects plainly visible therein.

■ Defendant contends that the receipt without notation thereon of defects in the merchandise delivered for shipment is insufficient to sustain a finding of delivery in good condition. The cases cited in support of this position relate to situations where the damage to or defects in the shipment would not be visible upon ordinary inspection. In such cases, it is usually held that the bill of lading or receipt is insufficient to create the presumption or otherwise establish that the merchandise was in good condition when delivered to the carrier. Such authorities would not appear applicable here, where the carton in which the merchandise was contained was damaged, torn, and opened upon arrival in Minneapolis, a condition which would have been plainly visible had it been existent at the time of delivery of the carton to defendant in Baltimore.

■ It follows that after plaintiff had submitted the uniform express receipt, as above outlined, and further evidence of damage to the shipment upon arrival at its destination, its prima facie case was established. Thereafter, the failure of defendant to go forward with any evidence to refute it justified the trial court in determining the issues in plaintiff's favor. Whitaker v. C. St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061; Fockens v. United States Exp. Co. 99 Minn. 404, 109 N. W. 834.

The order appealed from is affirmed.

Affirmed.