**Ordell KLUVER, dba Kluver's of Clinton, Appellee,**

v.

**MIDWESTERN TRANSPORTATION, INC., a corporation, Appellant.**

**No. 46251.**

Supreme Court of Oklahoma.

Feb. 25, 1975.

Rehearing Denied May 6, 1975.

Meacham, Meacham & Meacham, Clinton, for appellee.

Louis G. Buchanan, Hanson, Peterson & Tompkins, Inc., Oklahoma City, for appellant.

SIMMS, Justice:

This case concerns the liability of a common carrier to a consignee for goods for damages allegedly caused during shipment. As the damaged goods were involved in interstate transportation, Federal Law, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), and cases thereunder govern the determination of this cause.

Plaintiff Kluver, a retail appliance dealer in Clinton, brought four small claims actions against defendant, Midwestern

Transportation, Inc., for damages to merchandise which defendant delivered to plaintiff in three separate shipments. The cases were consolidated for trial without a jury and resulted in judgments for plaintiff in each case amounting to a total of $785.00.

The damaged goods consisted of four appliances (two refrigerators, a freezer, and a double-oven range) that plaintiff had ordered from General Electric and a bookcase ordered from another manufacturer. Each item had been manufactured outside the State of Oklahoma (the G.E. products in Kentucky, and the bookcase in Tennessee) and each had originally entered the state by carriers other than defendant, the delivering carrier, who transported the goods only from Oklahoma City to Clinton.

Each article was packaged in a sealed cardboard carton. The bill of lading issued by defendant when the goods were received for shipment noted that they were "in apparent good order (contents and condition of contents unknown)".

On delivery to plaintiff the carton containing the double-oven range showed visible damage which defendant's terminal manager described in his inspection report as "jammed".

We reject defendant's contention that since plaintiff did not discover this damage to the carton immediately upon delivery, the evidence was insufficient to establish the damaged condition of the. carton at that time. Testimony of plaintiff concerning his inspection and his discovery of the carton's condition, even though subsequent to the time of delivery, together with the testimony of defendant's terminal manager regarding his inspection of the carton constituted sufficient evidence from which the trial judge as the trier of fact could reasonably infer that the carton was damaged when delivered to plaintiff. Defendant's argument that the damage may have been occasioned after delivery was mere conjecture wholly unsupported by any evidence. See: Reider v. Thompson, 197 F.2d 158 (5th Cir. 1952). See also: Roadway Express v. Solow, Okl., 326 P.2d 1048 (1958). The range was damaged beyond repair retaining a salvage value of only $50 to $60. The other cartons showed no visible damage on delivery and damage to the contents was discovered only after uncrating.

The question presented on appeal was whether plaintiff's evidence was sufficient to establish the carrier's receipt of the property in good condition, this being an element essential for recovery. The Court of Appeals, Division No. 2, rejected plaintiff's primary argument which was that the recitation on the bills of lading that the goods were "in apparent good order (contents and condition of contents unknown)" constituted a prima facie showing of good condition when the goods were delivered to carrier.

The Court found that the bills of lading were evidence only of the good condition of the external appearance of the cartons, not the contents and based on that, held that as plaintiff consignee had offered ". . . no evidence of actual condition of the goods when delivered to the carrier, (he) failed to make out his case . . . and the trial court erred in overruling the demurrer to the evidence. Proof submitted thereafter by appellant did not change the status of the proof, so the ruling on the motion for directed verdict should have been sustained."

Seeking certiorari, plaintiff argues that while proof may have been insufficient to establish the good condition of the other items when they were received by defendant, the bill of lading did constitute prima facie evidence as to the good condition of the range.

We Grant Certiorari, Reversing in Part and Affirming in Part the trial court judgment.

The Carmack Amendment, 49 U. S.C. § 20(11) relieves the shipper and consignee of the impossible burden of proving which specific carrier along the chain of interstate transportation caused the damage to goods. Liability for shipping damage or loss is placed on the delivering carrier and

the shipper or consignee may look to the delivering carrier for full satisfaction of his loss. Under Sub-section (12) the delivering carrier may in turn seek redress from the other carriers.

It is well established law that in order to sustain an action for damages against the carrier, plaintiff shipper or consignee must first show that when the shipment was received by the carrier it was in good condition, that it arrived in a damaged condition, and that the damages suffered were of a probable amount. Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). Proof of these three elements establishes a prima facie case of liability against the carrier and the burden is then on the carrier to come forward with evidence showing that the damage resulted from one of the specified exceptions [1] to carrier liability.

Defendant does not seriously dispute plaintiff's proof of the latter two factors. The evidence was sufficient to show that when plaintiff received the merchandise each item was damaged and testimony fixed the amount of the damage. (One refrigerator and freezer-$400, Range-$340, Refrigerator-$35, Bookcase-$10).

It is a well settled proposition that a bill of lading or shipping receipt issued by a carrier without exception and acknowledging that the goods were received "in apparent good order" or "good condition" is prima facie evidence of good condition only as to that part of the goods which were observable to the carrier upon ordinary inspection. Tuschman v. Pennsylvania R.R., 230 F.2d 787 (3rd Cir. 1956); Mears v. New York, N.H. and H. R. Company, 75 Conn. 171, 52 A. 610 (1902), McNeely & Price Co. v. The Exchequer, 100 F.Supp. 343 (E.D.Pa.1951).

A summation of the applicable rule is correctly set forth in 14 Am.Jur.2d, Carriers § 619, p. 133, as follows:

"The mere delivery of the goods to the carrier does not raise a presumption that the goods were in good condition when so delivered. However, it is generally held that issuance of a bill of lading or shipping receipt without a notation thereon of *visible* damages or defects in the shipment that creates a presumption that, insofar as is disclosed by ordinary inspection, the shipment was free from visible defects or damages and, to such extent, in good condition when received by the carrier. Moreover, the issuance by a carrier of a bill of lading or shipping receipts which, containing no notation of visible damages or defects, includes an affirmative acknowledgement that on receipt the goods to be shipped were in 'good order or apparent good order,' has been generally held to constitute prima facie evidence that the goods are received in good condition, at least with respect to external matters."

See, also: Annot., Evidence—Carrier of Freight—Damage, 33 A.L.R.2d 867.

Hence, where goods are shipped in cartons and the contents are not visible to the inspecting carrier, the presumption of good condition on receipt by the carrier goes only to the condition of the carton or container itself. Glass-Tite Industries, Inc. v. Spector Freight Systems, *supra;* Reider v. Thompson, 197 F.2d 158 (5th Cir. 1952). In Hoover Motor Express Company, Inc. v. United States, 262 F.2d 832 (6th Cir. 1959), a bill of lading with the notation that the goods were received in "apparent good order (contents and conditions of contents unknown)", was interpreted as being an express limitation on any ac-

[1]. The specified exceptions are met when the shipper can show that the damage was caused by an act of God, a public enemy, the act of the shipper himself, public authority, or inherent vice or the nature of the goods. Missouri Pacific R. R. Co. v. Elmore & Stahl, *supra;* Hoover Motor Express Co., Inc. v.

United States, 262 F.2d 832 (6th Cir. 1959); Glass-Tite Industries, Inc. v. Spector Freight Systems, Inc., 102 R.I. 301, 230 A.2d 254 (1967); Armstrong, Byrd & Co. v. Ill.Cent.R. Co., 26 Okl. 352, 109 P. 216 (1910); Advance Air Conditioning v. Cain's Truck Lines, 198 Okl. 73, 175 P.2d 338 (1946).

knowledgement by carrier that the goods were in good order when received.

■ On delivery to plaintiff each article except the double-oven range had "hidden" rather than visible damage. The bills of lading issued for these items were prima facie evidence only of the good condition of the cartons. Plaintiff offered no evidence of probative value as to the condition of the contents of these cartons when they were delivered to the carrier. Therefore, we agree with the Court of Appeals that as to these articles, plaintiff did not bear his burden of proving that the goods were in good condition when received by the carrier.

Plaintiff failed to establish this essential element of the carriers liability and defendant had no burden to come forward with any evidence. Glass-Tite Industries v. Spector Freight Systems, Inc., supra.

■ However, plaintiff is correct in his contention that the bill of lading was sufficient evidence to sustain the burden of proving the good condition of the range. Defendant carrier issued a "clean" bill of lading when it was received for shipment. Consistent with the foregoing discussion, it is apparent that this bill of lading must be interpreted as an acknowledgement on defendant carrier's part that their inspection of the carton revealed no visible damage or defects. On delivery to consignee, the carton was "jammed" and the contents irreparably damaged.

Addressing this issue in Minneapolis Fire & Marine Ins. Co. v. Baltimore & O. R. Co., 237 Minn. 111, 53 N.W.2d 828, 33 A.L.R.2d 860 (1952), the Supreme Court of Minnesota stated:

"Damages to or defects in a shipment obvious at the point of destination would be equally apparent at the point of shipment if then existent. The issuance of a receipt for such a shipment at the latter point without any notation of visible defects thereon would indicate the absence of such defects at that time. It would

follow that if the shipment were visibly damaged upon arrival at the point of destination such damage must have been sustained in transit. Schwalb v. Erie R. Co., 161 Misc. 743, 293 N.Y.S. 842. This conclusion is strengthened by the fact that a carrier has the right to refuse to accept merchandise not properly packaged or crated, 9 Am.Jur., Carriers, § 299, and, under normal circumstances, would either refuse such a shipment or note on the receipt therefor any damages or defects plainly visible therein."

See, also: Frischhertz Electric Co. v. Strickland Transportation Co., 262 La. 791, 264 So.2d 646 (1972); Rabon v. Red Ball Motor Freight, Inc., La.App., 292 So.2d 332 (1974); Ideal Plumbing & Heating Co. v. New York, New Haven & Hartford R. Co., 143 Conn. 640, 124 A.2d 908 (1956).

■ The notation on the bill of lading issued by defendant that the range was received "in apparent good order (contents and condition of contents unknown)" constituted prima facie proof that the carton was then free of damage and defects.

Plaintiff's evidence was sufficient to show that the carton containing the range was visibly damaged when it arrived. Plaintiff presented a prima facie case by establishing that defendant received the range in good condition and delivered it in visibly damaged condition. The burden then shifted to defendant to go forward with evidence to rebut the presumption that this damage occurred during transit and to exonerate itself by showing that it was free from fault and that the damage resulted from one of the excepted causes relieving a carrier from liability.

Defendant carrier offered no evidence to negate plaintiff's case and plaintiff is therefore entitled to recover for the damage to the stove.

The judgment of the trial court is therefore Reversed as to the judgment for damages to the two refrigerators and freezers;

but, Affirmed as to judgment for damages to the double-oven range.

Court of Appeals affirmed in part; reversed in part.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.

BERRY, J., concurs in part, dissents in part.